**CIVIL COMPLAINT FORM TO BE USED BY A *PRO SE* PRISONER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE ~~MIDDLE~~ DISTRICT OF PENNSYLVANIA**

Carl Robinson   Jx3973
_____
**Full Name of Plaintiff          Inmate Number**

             v.

Bureau of Health Care Services, dn,
_____
**Name of Defendant 1**

Superintendent Theresa Delbalso
_____
**Name of Defendant 2**

Acting Superintendent Bernadette Mason
_____
**Name of Defendant 3**

Deputy Superintendent Lori White
_____
**Name of Defendant 4**

Medical Surgeon Dr. Newton
_____
**Name of Defendant 5**

(Print the names of all defendants.  If the names of all
defendants do not fit in this space, you may attach
additional pages. Do not include addresses in this
section).

Civil No. _____
(to be filled in by the Clerk's Office)

( ✓ ) Demand for Jury Trial
(   ) No Jury Trial Demand

**FILED**
**SCRANTON**

OCT 0 1 2020

PER _____
        **DEPUTY CLERK**

---

**I.     NATURE OF COMPLAINT**

Indicate below the federal legal basis for your claim, if known.

✓    Civil Rights Action under 42 U.S.C. § 1983 (state, county, or municipal defendants)

___    Civil Rights Action under <u>Bivens v. Six Unknown Federal Narcotics Agents,</u> 403 U.S. 388
(1971) (federal defendants)

___    Negligence Action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, against the
United States

II.     **ADDRESSES AND INFORMATION**

A.      **PLAINTIFF**

Robinson Carl, S

Name (Last, First, MI)

Jx3973

Inmate Number

S.C.I. Mahanoy

Place of Confinement

Address     30, Morea Road,

City, County, State, Zip Code     Frackville, PA 17732

Indicate whether you are a prisoner or other confined person as follows:

___     Pretrial detainee

___     Civilly committed detainee

___     Immigration detainee

✓       Convicted and sentenced state prisoner

___     Convicted and sentenced federal prisoner

B.      **DEFENDANT(S)**

Provide the information below for each defendant. Attach additional pages if needed.

Make sure that the defendant(s) listed below are identical to those contained in the caption.   If incorrect information is provided, it could result in the delay or prevention of service of the complaint.

Defendant 1:     Bureau of Health Care Services

Name (Last, First)     Chief, Secretary's Office of Inmate And Grievance

Current Job Title     PA Department of Corrections

Current Work Address     1920 Technology Parkway,

City, County, State, Zip Code     Mechanicsburg, PA 17050

Defendant 2:

Delbalso, Theresa
_____
Name (Last, First)

UNKNOWN
_____
Current Job Title

UNKNOWN
_____
Current Work Address

_____
City, County, State, Zip Code


Defendant 3:

Mason, Bernadette
_____
Name (Last, First)

Superintendent
_____
Current Job Title

301 Morea Road
_____
Current Work Address

Frackville, PA 17932
_____
City, County, State, Zip Code


Defendant 4:

White Lori
_____
Name (Last, First)

Deputy Superintendent
_____
Current Job Title

301 Morea Road
_____
Current Work Address

Frackville, PA 17932
_____
City, County, State, Zip Code


Defendant 5:

Newton
_____
Name (Last, First)

Medical Surgeon
_____
Current Job Title

301 Morea Road
_____
Current Work Address

Frackville, PA 17932
_____
City, County, State, Zip Code

**III.    STATEMENT OF FACTS**

State only the facts of your claim below.  Include all the facts you consider important.  Attach additional pages if needed.

A.    Describe where and when the events giving rise to your claim(s) arose.

SCI Mahanoy November 1, 2019, March 12, 2020, March 15, 2020 April 1, 2020, May 2020,  All at SCI Mahanoy

B.    On what date did the events giving rise to your claim(s) occur?

November 1, 2019, March 12, 2020, March 15, 2020 April 1, 2020, May 2020.

C.    What are the facts underlying your claim(s)? (For example:  What happened to you?  Who did what?)

Defendants failed to protect Plaintiff from Sexual Assault, "Z" Code taken illegal forcibly moved from segregation zone forced to cell with another inmate, refused protective Custody forced to go to the RHU, Violation of Privacy Act All done by Defendants Bureau of Health Care Services, Theresa Delbalso, Mason White, and Dr. Newton

## IV.     LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes.  However, state what constitutional rights, statutes, or laws you believe were violated by the above actions.  If you intend to assert multiple claims, number and set forth each claim in separate paragraphs. Attach additional pages if needed.

Count 1: Excessive force, Plaintiff was forced to move to general population, double cell, and go to the RHU.

Count 2: Failure To Protect, Plaintiff was exposed to excessive risk of Personal Security being Compromised.

Count 3: Privacy Act, Defendant violated plaintiff rights by creating adverse determination and failing to maintain accurate records for Plaintiff.

Count 4: Retaliatory Treatment See above.

## V.      INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

Sexual Assault, Severe emotional distress ("outrage") PTSD (Post traumatic Stress) worsened

## VI.     RELIEF

State exactly what you want the court to do for you.  For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief.  If you are seeking monetary relief, state your request generally.  Do not request a specific amount of money.

Money damages No less than $450,000, also give me my "Z" code back, and go back to segregation.

## VII.   SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address.  If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing.  By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.


_Carl Robinson_
Signature of Plaintiff

_September 26, 2020_
Date



# Final Appeal Decision

**Secretary's Office of Inmate Grievances & Appeals**
**Pennsylvania Department of Corrections**
1920 Technology Parkway
Mechanicsburg, PA 17050

07/29/2020 02:58

| | | | |
|---|---|---|---|
| **Inmate Name:** | ROBINSON, CARL | **DOC #:** | JX3973 |
| **SCI Filed:** | Mahanoy | **Current SCI:** | Mahanoy |
| **Grievance #:** | 857030 | | |

This serves to acknowledge receipt of your appeal to the Secretary's Office of Inmate Grievances and Appeals for the grievance noted above. In accordance with the provisions of DC-ADM 804, Inmate Grievance System Policy, the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to the Facility Manager, the Facility Manager's response, the issues you raised to final review, and (when applicable) any revised institutional responses required as a result of a subsequent remand action by this office. As necessary, input from appropriate Central Office Bureaus (e.g., Health Care Services, Chief Counsel, Office of Special Investigations and Intelligence, etc) may have been solicited in making a determination in response to your issue as well.

**Decision: Uphold Response**

It is the decision of the Secretary's Office of Inmate Grievances and Appeals to uphold the initial response, uphold the inmate, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.

**Response:**

In this grievance, you indicate that you reviewed your medical records on 3/12/20 and noticed your diagnosis is Induced Psychotic Disorder. you indicate that you had no knowledge of this diagnosis and that it is a deformation of character. For relief, you request an unspecified amount of damages.

Psychiatry staff in the Bureau of Health Care Services reviewed your concerns and found that your diagnosis of Phencyclidine-Induced Psychotic Disorder was based on your drug use which caused hallucinations and psychosis. You are provided with the proper mental health care from psychiatry. Appropriate clinical decisions were made, which is the sole province of the Psychiatric Provider. They found no evidence of wrong doing. Therefore, this office upholds the responses provided to you and your requested relief is denied.

**Signature:**

**Name:** D. Varner

**Title:** Chief Grievance Officer

**Date:** 7/29/20

CC: DC-15/Superintendent - Mahanoy
Grievance Office

MAY 2 6 2020

Form DC-135A

SCI MAHANOY
SUPERINTENDENT'S OFFICE

**INMATE'S REQUEST TO STAFF MEMBER**

Commonwealth of Pennsylvania
Department of Corrections

**INSTRUCTIONS**
Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently.

Superintendent Mason:

| 1. To: (Name and Title of Officer) | 2. Date: 5/24/20 |
|---|---|

| 3. By: (Print Inmate Name and Number) Carl Robinson JX3973 _Cal Rob_ Inmate Signature | 4. Counselor's Name: Mr C |
|---|---|
| | 5. Unit Manager's Name: Mr Kellmer |

| 6. Work Assignment: GLP misconduct | 7. Housing Assignment: HD-DPod - 6 |
|---|---|

8. Subject: State your request completely but briefly. Give details.

Ms Mason, I would like to request to be placed in Administrative Custody (AC) as a means of protection from being sexually victimized again, and since I no longer have my "Z" Code it would be the best move for my personal Safety, which I would Need access to the Law Library to use the word proccessors to type for my active case in the Supreme Court of the United States. I've have contacted the SHU Commander Ms McKnight, Ms White and Deputy Sup for Centralized Services.
I'm going to need a Word Proccessor in the Mini Law Library (28 C.F.R. § 115.43[a])

9. Response: (This Section for Staff Response Only)

Write to Security if you have Concerns for your safety. You can also discuss w/ RHU Lt. or Mjr. Sokaloski

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |
|---|---|

STAFF MEMBER NAME _____
Print

BMason
Signature

DATE 6/1/20

**7.2.1, Counseling Services Procedures Manual - Section 3, Request Slips**          **Attachment 3-A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Carl Robinson
      Plaintiff

  v.

Bureau of Health
Care Services, et al.,

Superintendent
Theresa Delbuso
Acting Superintendent
Bernadette Mason
Deputy Superintendent
Lori White

Dr. Newton Medical
Doctor, individually
and in their official
capacities.

      Defendants.

Complaint

Civil Action No. _____

Jury Trial Demanded

## I. Complaint

Carl Robinson, Pro se, for their complaint state
as follows:

## II. Parties, Jurisdiction and Venue

1. Plaintiff Carl Robinson is Confined at a State Correctional facility (Institutional), located at 301 Morea Road in the City of Frackville in the State of Pennsylvania from 2018 to the present 2020. Plaintiff is currently Confined at 301 Morea Road, Frackville, PA 17932.

2. Plaintiff Carl Robinson is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the State of Pennsylvania.

3. Defendant Bureau of Health Care Services was at all relevant times herein Bureau of Health Care of the DOC.

4. Defendant Superintendent Theresa Delbalso was at all relevant times herein Superintendent at SCI Mahanoy. As Superintendent of the prison, Defendant manages its day-to-day operations and executes its policies.

5. Defendant Acting Superintendent Bernadette Mason was at all relevant times herein Superintendent

1

at SCI Mahanoy. As Superintendent of the Prison, Defendant manages its day-to-day operations and executes its policies.

6. Defendant Lori White is and was at all relevant times herein deputy Superintendent for S.C.I. Mahanoy. As Deputy Superintendent of the prison, Defendant manages Centralized Services.

7. Defendant Dr. Newton is and was at all relevant time herein an employee of the prison, as a Doctor for the mental Health Department at Mahanoy.

8. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the deprivation, under color of state law, of rights guaranteed by First, Fourth, Eight and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

9. Plaintiff's claims for injunctive relief are authorized by Rule 65 of the Federal Rules of Civil Procedure.

10. This cause of action arose in the Middle District of Pennsylvania. Therefore, venue is proper under 28 U.S.C. Section 1391(b).

### III. Previous Lawsuits by Plaintiff

11. Plaintiff has no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

### IV. Exhaustion of Administrative Remedies

12. The Plaintiff has exhausted his administrative remedies with respect to all claims and all Defendants.

### V. Statement of Claim

13. At all relevant time herein, defendants were "persons" for purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiff of his constitutional rights, as set forth more fully below.

## II. Statement of The Facts

14. On or about November 1, 2019, Plaintiff was sexually assaulted by an inmate

15. On or about March 12, 2020, Plaintiff was able to review his medical records.

16. Plaintiff discovered that he was diagnosed with "Phencyclidine" induced Psychotic Disorder.

17. On or about March 15, 2020, Plaintiff discussed diagnosis with his P.R.C. (ie Progress Review Committee) team they didn't give him an answer.

18. Plaintiff filed and exhausted grievances in this matter, which he was denied relief

19. On or about April 1, 2020 Plaintiff was moved off of the "RTU" (Recovery Treatment Unit) to regular population without an explanation.

20. Once at new housing in population Counselor Mr. Reichner conveyed to Plaintiff that he had to take a celly because he no longer had a "Z" code.

4

21. Plaintiff told Reichner that under Policy 11.2.1., Reception and Classification, Section 5, Single-Celling ("Z" Code") and Double-Celling Housing. an inmate that has been sexually victimized should not be forced to double cell.

22. On or about May 2020, Plaintiff sent several request to Superintendent Mason, Deputy Superintendent White, Shift Commander John Doe about my problems and personal security being violated but no help insued.

23. Plaintiff has been sent to the RHU (Recovery Housing Unit) two or three time and where he now lives because he is afraid to have a cell mate due to him being sexually victimized and due to the unclassified violent homosexuals and over populated problems here at S.C.I. Mahanoy.

24. Plaintiff has been sexually harrassed by correctional officer West while in the RHU.

25. Plaintiff filed timely grievances however they were denied for failing to provide a legible copy.

# Count One: Excessive Force

26. Defendant Bureau of Health Care Services exercised deliberate indifference to plaintiff's mental health and safety by failing to NOT allow Plaintiff the excessive risk regarding his Personal Security when they took his "Z" code then moving him to general population to make him double cell with another inmate.

27. Defendant Superintendent Delbalso exercised deliberate indifference to Plaintiff's mental health and safety by allowing Plaintiff to experience excessive risk regarding his personal security by allowing his "Z" code to be taking then him being moved from a secure block and single cell to a violent environment and double cell.

28. Defendant White exercised deliberate indifference to Plaintiff's mental health and safety by allowing Plaintiff to experience a excessive risk to his personal security by taking his "Z" code then moving him to regular population without a staff hearing

29. Defendant Mason exercised deliberate indifference to plaintiff's mental health and safety by taking Plaintiff's "Z" code the forcing him to goto population and to take a cell mate.

30. Defendant Dr. Newton exercised deliberate indifference to Plaintiff's Mental health and safety by taking his "Z" code then forcing him to go to Population and to take a cell mate.

### Count 2: Failure To Protect

31. Defendant Bureau exercised deliberate indifference to Plaintiff's mental health and safety by not protecting him from sexually assault and by not protecting him from the excessive risk of it happening again by taking his "Z" code then moving him to population and forcing him to take a celly.

32. Defendant Delbalso exercised deliberate indifference to Plaintiff's Mental Health and safety by not protecting him from sexually being assaulted and the risk of it happening againg by taking his "Z" code then moving him to population and forcing him to take a celly.

33. Defendant Mason exercised deliberate indifference to Plaintiff's mental health and safety by not protecting him from sexual assault and the excessive risk of it repeating by taking his "Z" code then moving Plaintiff to Population, forcing him to take a cell mate.

34. Defendant White exercised deliberate indifference to Plaintiff's mental health and safety by not protecting him from sexual assault and the excessive risk of it repeating by taking his "Z" code then moving plaintiff to Population and forcing him to take a Celly.

35. Defendant Dr. Newton exercised deliberate indifference to Plaintiff by not protecting him from the excessive risk of him being assaulted again sexually by taking his "Z" code then allowing him to be moved to population and forcing him to take a cell mate.

36.                      Count 3: Privacy Act Violation

36. Defendant Bureau exercised deliberate indifference to Plaintiff's mental health and safety by creating

an adverse determination by failing to maintain its records accurately when they knew or should of known that the diagnosis was wrong.

37. Defendant Delbalso exercised deliberate indifference to Plaintiff's mental health and safety by creating an adverse determination by failing to maintain its records accurately when they knew or should of know it was wrong.

38 Defendant ~~White~~ exercised deliberate indifference to Plaintiff's mental health and safety by creating an adverse determination by failing to maintain its records accurately when they knew or should of know it was wrong.

39 Defendant Dr. Newton exercised deliberate indifference to Plaintiff's mental health and safety by creating an adverse determination by failing to maintain its records accurately when the knew or should have known it was wrong.

**Count Four : Retaliatory Treatment For Filing Section 1983 and for filing Grievances**

10. Defendant Bureau exercised retaliation to Plantiff's Mental health and safety by exposing him to the excessive risk of being assaulted again, taking his "Z" code, moving him by force to general population, forcing him to take a cellmate or go to the RHU and creating an adverse determination in their records and inaccurately maintaining records.

41. Defendant Delbalso exercised retaliation to Plaintiff's mental health and safety by exposing him to the excessive risk of being sexually assaulted again, taking his "Z" code, moving him by force to general population, forcing to take a cell mate or go to the hole (RHU) and creating an adverse determination in their records and by failing to maintain their records accurately.

42. Defendant Mason exercised retaliation to Plaintiff's Mental health and safety by exposing Plaintiff to the excessive risk of being sexually assaulted again by taking his "Z" code, moving him by force to general Population, then forcing him to either take a cellmate or goto the Rhu.

43. Defendant White exercised retaliation to Plaintiff's mental health and safety by exposing him to the excessive risk of being sexually assaulted again, taking his "Z" code, forcing him to goto general Population, to take a cellmate by force and creating an adverse determination in their records by failing to maintain them accurately.

44. Defendant Dr. Newton exercised his retaliation to Plaintiff's mental health and safety by exposing him to the excessive risk of being sexually assaulted again, taking his "Z" code, moving him to general population, forcing him to take a cellmate and then creating an adverse determination in their records by failing to maintain them accurately.

45. As a result of the deliberate indifference and the pattern of events demonstrating intentional retaliation against plaintiff by defendants Bureau, Delbalso, Mason, White, and Dr. Newton plaintiff suffered serious harm at the hands of another inmate. Plaintiff suffere extreme emotional distress, and for filing grievances and a civil rights action has caused plaintiff further mental anguish as a result.

WHEREFORE, Plaintiff prays for judgement in his favor and damages in his favor against all defendants in an amount sufficient to compensate him for the pain and mental anguish suffered by him due to the deliberate indifference and intentional misconduct of defendants, but in No event less than $450,000, together with his attorneys' fees and cost, and such additional relief as the Court may deem just and proper.

Respectfully submitted,

Carl Robinson

Carl Robinson

12

Mailed to the Plantiff by the Court on this date:

Case Name: _____ v. _____

Docket No: No   Civ.    ( )

The Prison Litigation Reform Act ("PLRA" or "Act")
amended the in forma pauperis Statue (28 U.S.C. §
1915) and applies to your case. Under the PLRA, you
are required to pay the full filing fee when bringing a
Civil action if you are currently incarcerated or detained
in any facility. If you do not have sufficient funds in
your prison account at the time your action is filed, the
Court must assess and collect payments until the entire
filing fee of $ _____ has been paid, no matter what
the outcome of This action.

   I, Carl Robinson, request and authorize the agency
holding me in custody to send to the Clerk of the United
States District Court for the Eastern   District of
Pennsylvania  a certified Copy of my Prison account

statement for the past six months. I further request and authorize the agency holding me in custody to calculate the amounts specified by 28 U.S.C. § 1915(b), to deduct these amounts from my prison trust fund account (or institutional equivalent), and to disburse these amounts to the united States District Court for the Eastern District of Pennsylvania. This authorization shall apply to any agency into whose custody I may be transferred, and to any other district court to which my case may be transferred and by which my pauper person application may be decided.

I UNDERSTAND THAT BY SIGNING AND RETURNING THIS NOTICE TO THE COURT, THE ENTIRE COURT FILING FEE OF $ _amount_ WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM MY PRISON TRUST FUND ACCOUNT EVEN IF MY CASE IS DISMISSED OR EVEN IF I VOLUNTARILY WITHDRAW THE CASE.

Carl Roberson

September    2020

JX3973

SCI · Mahanoy

Carl Robinson / JX3903
SCI Mahanoy
301 Morea Road
Frackville, PA 17932

RECEIVED
SCRANTON

OCT 0 1 2020

DEPUTY CLERK

Offic
United S
MIDDLE
235
S