# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL ROBINSON, | : | Civil No. 1:20-CV-1796 |
| Plaintiff, | : | |
| v. | : | |
| BUREAU OF HEALTH CARE SERVICES, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court are two motions to dismiss the amended complaint. (Docs. 19, 21.) The first motion is filed by Dr. Newton, an independent contract care provider of psychiatric services for inmates of the Pennsylvania Department of Corrections ("DOC"). The second motion is filed by the DOC's Bureau of Health Care Services, Superintendent Theresa DelBalso, Acting Superintendent Bernadette Mason, and Deputy Superintendent Lori White (collectively referred to as "Commonwealth Defendants"). Defendants assert that Plaintiff has failed to sufficiently allege their personal involvement in his excessive use of force, failure to protect, medical misdiagnosis, and retaliation claims. (Doc. 20, 22.) For the reasons that follow, both motions to dismiss will be granted. Robinson's claims against the Bureau of Health Care Services will be dismissed with prejudice. Plaintiff will be granted leave to file an amended complaint identifying each Defendant's alleged role with respect to his claims.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Carl Robinson ("Robinson" or "Plaintiff") is a self-represented individual incarcerated at the Mahanoy State Correctional Institution ("SCI-Mahanoy") in Frackville, Pennsylvania. Shortly after filing this action in September 2020, Commonwealth Defendants and Dr. Newton filed motions to dismiss. (Docs. 1, 13, 15.) In lieu of a response, Robinson filed an amended complaint. (Doc. 17.) The court dismissed Defendants' motions without prejudice to file a response to the amended complaint. (Doc. 18.)

Robinson's amended complaint includes four counts. Count I, labelled "excessive force," asserts that Defendants were "deliberately indifferent" to Robinson's mental health and safety needs when they forced him to leave the Recovery Treatment Unit ("RTU") on April 1, 2020, and placed him in general population without explanation. (*Id*., ¶¶ 19, 26–30.) Robinson alleges the RTU was a "secure block" where he had a Z Code, or single cell assignment. Following his April 2020 "forced" transfer to general population, he was exposed to a "violent environment and double cell[ing]" situation. (*Id*., ¶ 27.) Count II of the amended complaint sets forth Robinson's "failure to protect" claim. Plaintiff states that Defendants failed to protect him from sexual assault in November 2019, and his transfer to general population without a Z Code places him at "risk of it happening again." (*Id*., ¶¶ 14, 31–35.) Due to his fear of being "sexually

2

victimized and due to the unclassified violent homosexuals and over population problems here at SCI Mahanoy," Robinson resides in the institution's Recovery Housing Unit ("RHU") (*Id.*, ¶ 23.)  Count III, Robinson's "Privacy Act Violation," asserts that Defendants were "deliberately indifferent" to his "mental health and safety by creating an adverse determination by failing to maintain" accurate medical records.  (*Id.*, ¶¶ 36–39.)  Robinson learned of the erroneous diagnosis in his medical file, i.e. that he suffered from a "phencyclidine-induced psychotic disorder," on March 12, 2020.  (*Id.*, ¶ 15.)  He argues that Defendants failed to remove this diagnosis and "adverse determination" from his file "when the[y] knew or should of [sic] known it was wrong."  (*Id.*, ¶¶ 36–39.)  Count IV alleges that Defendants' actions concerning his improperly maintained medical record, removal of his Z Code, and transfer to general population were done in retaliation for his filing of grievances.  (*Id.*, ¶¶ 40–44.)  As a result of Defendants' actions, "Plaintiff suffered serious harm at the hands of another inmate" as well as extreme emotional distress and mental anguish.  (*Id.*, ¶ 49.)

## JURISDICTION

The court has jurisdiction over Robinson's action pursuant to 28 U.S.C. § 1331 which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), *cert. denied*, 140 S.Ct. 1611 (2020) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), *as amended* (Mar. 24, 2015). Self-represented litigants are to be

granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To be liable, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The Commonwealth Defendants' motion to dismiss argues that Robinson failed to allege the personal involvement of any Commonwealth Defendant in any alleged constitutional violation and that the Bureau of Health Care is not amenable to suit under 42 U.S.C. § 1983. They also argue that Robinson does not have a right to a single cell and that double celling inmates is constitutionally permissible. (Doc. 22.) Dr. Newton separately argues that Robinson failed to allege his personal involvement in the underlying claims and that Robinson fails to state

5

*prima facie* First or Eighth Amendment claims. (Doc. 21, pp. 4–7, 13.) Dr. Newton avers that Robinson's disagreement with a medical misdiagnosis in his file, alone, does not assert an Eighth Amendment deliberate indifference claim. (*Id.*, p. 11.)

In his opposition brief, Robinson alleges that Defendants collectively conspired to revoke his Z Code and force him into general population where he was ordered to accept a cellmate or go to the RHU. He adds that, as a previous victim of sexual assault by another inmate, he should not be required to double cell and that forcing him to do so violates DOC policy. (Doc. 37, pp. 8–9, 11.) Only the Commonwealth Defendants filed a reply brief. (Doc. 39.) They reassert that Robinson's allegations are generically asserted against all Defendants and fail to allege their personal involvement in the alleged wrongdoing, and that he fails to state a viable conspiracy claim. They also note that a prison's official's failure to follow an internal prison policy does not establish a constitutional violation. (*Id.*, p. 3.)

    **A.**    **Count I - Eighth Amendment Excessive Force Claim**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment." U.S. CONST. Amend. VIII. Force amounts to cruel and unusual punishment when it is used "maliciously and sadistically for the very purpose of causing harm" instead of "in a good faith effort to maintain or restore discipline."

*Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  Factors used to determine whether the force applied was excessive include:  "(1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response."  *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quotation marks and citation omitted).  Although the Eighth Amendment protects inmates against cruel and unusual punishment, it "does not protect an inmate against an objectively *de minimis* use of force." *Smith v. Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002).

   Robinson's excessive use of force claim will be dismissed without prejudice.  First, Robinson does not identify any of the named Defendants as being personally involved in a use of force event involving him.  *See Rode*, 845 F. 2d at 1207.  Even if the court were to construe the verbal order issued to Robinson on April 1, 2020, moving him to a general population cellblock and requiring him to accept a cellmate as a show of force, Robinson does not identify any individual Defendant's involvement in that order.  Moreover, as Robinson does not allege that any Defendant was present or participated in an alleged harmful event or assault by unidentified corrections officer or staff, his claims of excessive force will be

7

dismissed. *See C.H. ex rel. Z. H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) ("It is, of course, well established that a defendant in a civil rights case cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (holding that individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of *respondeat superior*"). As such, Robinson's use of force claim against all Defendants will be dismissed without prejudice.

### B.   Count II - Failure to Protect Claim

The Eighth Amendment imposes "a duty upon prison officials to take reasonable measures to protect prisoners from violence at the hands of other inmates." *Hamilton v. Leavy*, 117 F.3d 742 (3d Cir. 1997). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison officials acted with "deliberate indifference" to his health and safety. *Id.* at 834. Deliberate indifference is proven by showing that an official "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. "[T]he official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*; *see also Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). Negligence, or lack of due care under the circumstances, is insufficient to support a claim that Defendants failed to protect Plaintiff. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

To the extent that Robinson's failure to protect claim is based on his belief that he cannot be double-celled *solely* because he had a Z Code at some prior point in time, he fails to state a constitutional claim. *See Mattis v. Dep't of Corr.*, No. 16-306, 2017 WL 6406884, at *12 (W.D. Pa. Dec. 15, 2017) ("denial of Z Code status, by itself, is not cruel and unusual punishment and does not rise to the level of an Eighth Amendment violation."); *see Thomaston v. Meyer*, 519 F. App'x 118 (3d Cir. 2013) (denial of prisoner's Z Code request is not a due process violation). Yet, the Third Circuit Court of Appeals has held that "double celling can amount to an Eighth Amendment violation if combined with other adverse conditions." *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996). Thus, to allege an Eighth Amendment violation based upon the revocation of Z Code status, a plaintiff "must [allege] that prison officials had actual knowledge of 'an excessive risk to inmate health or safety' and 'disregarded' this risk." *Myer v. Giroux*, No. 15-71, 2018 WL 6831147, at *6 (W.D. Pa. Dec. 28, 2018). To date, Robinson has failed to allege such facts.

In addition, Robinson's amended complaint fails to allege any Defendant's involvement in his failure to protect claim.  He fails to plead that any individual Defendant knew of a substantial risk to his health or safety and disregarded it by placing him in general population or denying him a single cell.  Although Robinson notes that he was subject to sexual assault in general population in November 2019, he does not provide any information to suggest that any Defendant in this case knew of a risk of serious harm that any other inmate posed to Robinson.

Similarly, he does not allege any Defendant's involvement in the April 1, 2020 modification of his housing assignment or that any Defendant was aware that the changes would pose an excessive risk to his health or safety and that they disregarded that risk.  Without these essential allegations of personal involvement, Robinson's failure to protect claims must be dismissed.  Thus, Robinson's failure to protect claims are dismissed without prejudice due to his failure to allege the personal involvement of any named Defendant.  *See Rode*, 845 F. 2d at 1207.  Robinson will be granted leave to amend his complaint as to this claim.

### C.   Count III - Inaccurate Diagnosis Claim

To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to evidence deliberate indifference to a serious medical need.

*See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  The relevant inquiry is whether the defendant (1) was subjectively deliberately indifferent to (2) plaintiff's objectively serious medical needs.  *Farmer*, 511 U.S. at 834, 837; *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).  "Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners is sufficiently egregious to rise to the level of a constitutional violation." *White v. Napoleon,* 897 F.2d 103, 108–09 (3d Cir. 1990).  Medical negligence alone cannot result in an Eighth Amendment violation, nor can disagreements with the professional judgment of a health care provider.  *Id.*

    Here, Robinson says Defendants failed to remove an inaccurate mental health diagnosis from his medical records (phencyclidine induced psychotic disorder).  However, as noted above, "[a] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Additionally, while Robinson refers to the diagnosis as an "adverse determination," he fails to allege that he suffered any harm due to the inclusion of the allegedly inaccurate diagnosis in his medical file.  Robinson's conclusory allegations are not supported by sufficient facts to meet either the objective or subjective prong of the test for an Eighth Amendment claim based on

deliberate indifference to serious medical needs.  In addition, Robinson has not adequately alleged the personal involvement of any of the named Defendants in the inclusion of the diagnosis in his file.  Robinson asserts nothing more than a difference of opinion between himself and an unidentified medical professional regarding a diagnosis, which does not rise to the level of an Eighth Amendment claim.  This claim will be dismissed without prejudice.

### D. Count IV - Retaliation Claim

To state a claim for retaliation, a prisoner plaintiff must allege: "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 (3d Cir. 2016) (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). "[G]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Allah v. Seiverling*, 229 F.3d 220, 224–25 (3d Cir. 2000) (internal citation and quotation marks omitted).  It is well established that the filing of a lawsuit and/or administrative grievances is constitutionally protected conduct.  *See Mitchell*, 318 F.3d at 530; *Allah*, 229 F.3d at 224.

If a prisoner establishes a *prima facie* case of retaliation, the burden shifts to prison officials to show, by a preponderance of the evidence, that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *See Rauser v. Horn,* 241 F.3d 330, 334 (3d Cir. 2001). "This is often referred to as the 'same decision defense.'" *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). If the prison officials can make this showing, it defeats the retaliation claim. *See Carter v. McGrady*, 292 F.3d 152, 159 (3d Cir. 2002).

As noted above, Robinson fails to plead a single Defendant's involvement in the alleged unconstitutional acts. Thus, even if the alleged adverse actions were taken against Robinson in retaliation for his filing of a lawsuit or grievance, he may not pursue a retaliation claim against named Defendants who he does not allege are personally involved in these acts. Courts "have consistently rejected retaliation claims 'against one defendant based on [protected activity] against another [individual]' for lack of retaliatory motive." *See Murray v. Smithbower*, No. 1:17-cv-127, 2021 WL 1103524, at *7 (M.D. Pa. Mar. 23, 2021) (quoting *Victor v. Lawler*, 3:07-cv-2058, 2010 WL 5014555, at *5 (M.D. Pa. Dec. 3, 2010, aff'd, 565 F. App'x 126 (3d Cir. 2014)); *see also Royster v. Beard*, 308 F. App'x 576, 597 (3d Cir. 2009) (affirming the district court's grant of summary judgment in favor of a defendant on the inmate-plaintiff's claim that he was retaliated against

13

by an individual who was not the target of his protected activity); *Evans v. Rozum*, No. 07-230J, 2009 WL 5064490, at *22 (W.D. Pa. Dec. 17, 2009) (concluding that "[t]here is no apparent reason why [the moving defendants] would want to retaliate against Plaintiff for filing a lawsuit against others"). Thus, this claim will also be dismissed without prejudice.

### E. Robinson cannot assert a Conspiracy Claim in his Opposition Brief

In his opposition brief, Robinson asserts a claim of conspiracy amongst Defendants to overcome his failure to plead their personal involvement in his various claims. Robinson cannot amend his complaint to assert a new claim, like conspiracy, in his opposition brief. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") Thus, to be clear, there is no conspiracy claim alleged in this case at this time.

### F. Bureau of Health Care Services is not a "Person" for the purposes of 42 U.S.C. § 1983

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. Only "persons" are amenable to suit under § 1983, and entities such as

state prisons or prison departments do not qualify as "persons." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989); *see also Beckett v. Grant*, No. 1:28-CV-0329, 2019 WL 4857688, at *3 (M.D. Pa. October 2, 2019) ("DOC's Bureau of Health Care Services and Office of Population Management, are not amenable to suit under § 1983 because they share in the Commonwealth of Pennsylvania's Eleventh Amendment immunity and are not person's under § 1983."). Accordingly, the Bureau of Health Care Services is not a "person" for purposes of Section 1983 and will be dismissed with prejudice.

### G.   Leave to Amend

As stated, Robinson's entire amended complaint is subject to dismissal due to his failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The primary omission in Robinson's pleadings is his failure to allege the personal involvement of the individual Defendants in the alleged constitutional violations. As such, he will be granted twenty-one days (21) to file a second amended complaint as to his excessive use of force, failure to protect, medical misdiagnosis, and retaliation claims against Superintendent DelBalso, Superintendent Mason, Deputy Superintendent White, and Dr. Newton.[1] If Robinson elects to file a second amended complaint, it must bear the docket

---

[1] Robinson will not be permitted to amend his claims against the Bureau of Health Care Services as it is not amenable to suit under § 1983. Thus, any amendments as to this Defendant would be futile.

15

number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form.  In addition, any second amended complaint filed by Robinson supersedes (replaces) the original and amended complaint previously filed.  (Docs. 1 and 17.)

The court cautions Robinson that the second amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in individually numbered paragraphs in short, concise, and simple statements.  *Id.*; Fed. R. Civ. P. 10(b).  The factual allegations of the second amended complaint may not be conclusory.  Instead, the facts alleged should be specific as to time and place of the violations and must identify the specific person or persons responsible for the deprivation of his constitutional rights and what each defendant did to harm him.  *Iqbal*, 556 U.S. at 676.

If Robinson fails to file a second amended complaint on the court's form within twenty-one days, the court will dismiss his action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the amended complaint are granted. (Docs. 19, 21.) An appropriate order follows.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 22, 2021